**AFFIDAVIT OF DEPORTATION OFFICER RICHARD J. COLEMAN**
**IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Richard J. Coleman, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been so employed since August of 2002. I am currently assigned to the ERO Criminal Prosecutions ("ECP") unit and have been so since June of 2020. I attended the Immigration Officer Basic Training Course in 2002 and have been employed as a professional immigration officer in a full time, continuous status for approximately 19 years. I have received training and experience in the enforcement of the immigration laws of the United States and the detection and apprehension of aliens who are in the United States unlawfully. Among other duties, I am assigned to investigate cases involving persons who have illegally reentered the United States after having been deported and other violations of the Immigration and Nationality Act. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the

1

Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-045 ("A-File") associated with a person named Rudy Osorto Bonilla ("Osorto") (DOB xx/xx/1984).

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, and, as such, it does not necessarily contain every detail I and other law enforcement officers have learned during the course of this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant charging Osorto with a violation of 8 U.S.C. § 1326.

4. Osorto is a citizen and national of Honduras. In 2003, Osorto was convicted in the Fall River District Court (MA), Docket 0332-CR-1628, with indecent assault and battery of a child under 14, which is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A). On December 22, 2003, Homeland Security Investigations encountered and arrested Osorto and served him an I-826, Notice to Appear, placing him in removal proceedings.

5. On March 30, 2004, Osorto was removed from the United States to Honduras. At the time of his removal, his fingerprints and photograph were obtained and affixed on a Warrant of Removal.

6. On an unknown date and at an unknown place, Osorto reentered the United States without permission.

7. On May 11, 2010, Osorto was encountered by Immigration & Customs Enforcement, determined to be illegally present in the United States, and served an I-871, Notice of Intent to Reinstate Prior Order of Removal.

8. On June 9, 2010, Osorto was charged in the United States District Court for the District of Maryland, Docket 10-cr-00310-DKC, with Reentry of Alien Deported After Aggravated Felony Conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

9. Following his conviction of that offense, on June 11, 2011, Osorto was sentenced to fifteen months of imprisonment and three years of supervised release. Upon completion of that sentence, Osorto was placed into removal proceedings and on July 22, 2011 was removed to Honduras. At the time of his removal, his fingerprints and photograph were obtained and affixed on a Warrant of Removal.

10. On an unknown date and at an unknown place, Osorto again reentered the United States without permission.

11. On June 7, 2021, Immigration and Customs Enforcement became aware that Osorto had illegally returned to the Fall River area and arrested him for reentering the United States after having been removed.

12. I have reviewed some of the documents contained in the A-file associated with Osorto.  The documents from the A-File show, among other things, that Osorto is a citizen and national of Honduras.  The documents from the A-File also contain the Warrants of Removal referenced above, which contain Osorto's fingerprints and photographs. I have reviewed photographs of Osorto from the A-file, as well as the recent photographs of Osorto taken during his 2021 arrest and believe that they depict the same individual.  There is nothing in the A-file which reflects that, since his 2004 or his 2011 removal, Osorto sought or received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

13. On June 25, 2021, a copy of Osorto's "10-print" fingerprint card from his June 7, 2021 arrest and a copy of the Warrant of Removal from his July 22, 2011 removal were forwarded

4

to the FBI Special Processing Center, which confirmed that they were identical.

## CONCLUSION

14. Based on the foregoing facts, there is probable cause to believe that on or about June 7, 2021, Rudy Osorto Bonilla, being an alien and having been excluded, removed, and deported from the United States on or about July 22, 2011, was found in the United States without having received the express consent of the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

*/s/ Richard J. Coleman*
Richard J. Coleman
Deportation Officer

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1
On June 29, 2021



_____
HONORABLE M. PAGE KELLEY
CHIEF U.S. MAGISTRATE JUDGE